### SCOTT and others vs. SEAVER, Garnishee of DANA.

*March 31 — April 19, 1881.*

GENERAL ASSIGNMENT for benefit of creditors. *(1, 2) Indorsement of assignee's consent and officer's certificate: Signatures. (3) Whether secs. 1695-6, R. S., merely directory. (4) Evidence.*

1. Section 1696, R. S., provides that the assignees named in a general assignment for the benefit of creditors, "shall each, in the presence of the officer taking the bond, before delivering the copy of the assignment to said officer for the purpose specified in the preceding section, *indorse in writing* on such copy their consent to take upon themselves . . . the trusts specified in the assignment," etc.; and that such officer "*shall indorse thereon* his certificate," etc. *Held*, that it is sufficient if the names of the assignees and the officer are affixed in their presence and at their request to the declaration of consent and the certificate, respectively; and it is not necessary that such names should be affixed *in their own handwriting.*

2. Subd. 19, sec. 4971, R. S., prescribes that "in all cases where the *written signature* of any person is required by law, it shall always be the proper handwriting of such person, or, in case he is unable to write, his proper mark or his name written by some person in his presence." *Held,* that this provision does not apply to the declaration of consent or the certificate above mentioned, as sec. 1696 does not expressly or by necessary implication require the written signature of the assignees and the officer.

3. Whether an assignment made in compliance with sec. 1694 would be valid, and the provisions of secs. 1695-6 are merely *directory,* is not here considered.

4. In an action turning upon the validity of such an assignment, questions put to a witness inquiring whether the assignor had not, within two or three years, gone through bankruptcy and settled with his creditors at a small per cent., were properly ruled out as irrelevant.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

" The appellants commenced an action in the circuit court for Fond du Lac county against the respondent *John L. Dana* upon contract, and in such action made the proper affidavit and caused a garnishee summons to be issued against the respondent *Seaver.* *Seaver* answered the garnishee summons in due time, denying any indebtedness to *Dana,* and also denying that he had any property or assets of any kind in his possession or under his control which belonged to the said *Dana.* Upon this answer, after some considerable delay, an issue was formed and trial had. Upon the trial of the garnishee action, it appeared that upon the 4th day of December, 1879, the respondent *Dana* made a voluntary assignment of all his property to the said *Seaver* for the equal benefit of all his creditors. The assignment was in due form, a bond was given in due form, the sureties duly justified, and the bond was approved as provided by section 1694, R. S.

" The original assignment was delivered to the assignee, and the bond, with a copy of the assignment, was filed with the clerk of the circuit court of said county on said 4th day of December, 1879, and the assignee immediately took possession

of the assigned property. The proceedings in the matter of the assignment were all regular and as prescribed by law, except that, as is claimed by the appellants, the indorsement of the consent of the assignee upon the copy of the assignment, to take upon himself the faithful discharge of the several trusts specified therein, and that the copy so indorsed by him was a true and correct copy of the original, and the certificate of the officer indorsed thereon, that the same is a true copy of the original, and of the whole thereof, and that the said assignee named in such original assignment did in his presence make the indorsement thereon as required by law, were not made on such copy so filed, as required by section 1696, R. S. The objection made by the learned counsel for the appellants to these indorsements, is, that they were not signed in the proper handwriting of the assignee and of the said officer. No other objection is made to the regularity of the proceedings making the assignment by *Dana*, the debtor, to *Seaver*, the assignee. The garnishee summons was served on *Seaver* December 6, 1879; and within an hour after said service the said assignee subscribed the consent and certificate in his own hand on the back of said copy on file, and the officer before whom the assignment was made also signed the certificate in his own handwriting on said copy.

" The proofs upon the trial showed that at the time the assignment was made, on the 4th day of December, 1879, the consent and certificate of the assignee were indorsed on the original assignment, signed in his proper handwriting, and the officer also signed the proper certificate in his own handwriting on the back of such original. The evidence tended to prove, and the jury found, that the names of the assignee and officer were subscribed to the certificate and consent on the copy of the assignment filed with the clerk of the court, in the presence and at the request of said assignee and officer, by the attorney who drafted the papers. It also appeared in evidence that, within ten days after the assignment, the assignor made and

filed with the clerk the inventory of assets and list of creditors as required by section 1697, R. S."

There was a special verdict, and judgment for the defendant thereon; and plaintiffs appealed from the judgment.

For the appellants there were briefs by *Colman, Carter & Kent*, and oral argument by *Mr. Colman.* They argued, among other things, that, in order to make the assignment effective, the statute must be strictly complied with. R. S., secs. 1694–1697. The acceptance of the assignee and the certificate of the officer must be indorsed upon the copy of the assignment filed with the clerk; and, unless they are unable to write, must be in their own handwriting. R. S., secs. 1697, 4971, subd. 19. The indorsements were not properly made until after the service of the garnishee summons.

For the respondent there was a brief by *D. Babcock,* his attorney, with *R. M. Bashford,* of counsel, and oral argument by *Mr. Bashford.* They argued, *inter alia,* that the validity of the assignment under ch. 80, R. S., was established by the verdict, the jury having found that the indorsements on the copy of the assignment were made by Babcock, and that he was authorized to sign the names of the assignee and officer thereto, and that such signatures were ratified and adopted by them previous to the service of the garnishee summons. But this issue was immaterial. The instrument, being *prima facie* valid as an assignment, could be inquired into only in a direct proceeding to set it aside. In this action, the plaintiff could properly prove only those circumstances tending to show that the assignment was fraudulent. The testimony offered on this subject was not competent for the purpose of showing that the assignment was void under ch. 80, R. S. *Klauber v. Charlton,* 47 Wis., 572; *Hutchinson v. Brown,* 33 id., 470; *Norton v. Kearney,* 10 id., 451. The assignee and county judge were officers of the court, and could not be permitted to impeach or falsify their official certificates. *Eastman v. Bennett,* 6 Wis., 243. It was unnecessary for the respondent to

show on the trial his written acceptance of the assignment. It was alleged in the affidavit for garnishment, that he was in the possession of the property, and that it belonged to the defendant. He admitted possession, but denied defendant's ownership. Upon that issue he could be required to prove only a transfer of title from defendant to himself, and this fact was established by the written instrument of assignment. Entering into possession of the property assigned operates as an acceptance of the trust. Burrill on Ass., 356; *Price v. Parker*, 11 Iowa, 144. The assent of the assignee is presumed until the contrary is shown. Burrill, *supra; Siggers v. Evans*, 32 Eng. L. & Eq., 139; *McKinney v. Rhoads*, 5 Watts, 343; *Seal v. Duffy*, 4 Pa. St., 274; *Tompkins v. Wheeler*, 16 Pet., 106; *Grove v. Brien*, 8 How., 429; *Wilt v. Franklin*, 1 Binn., 502; *McLean v. Nelson*, 1 Jones (Law), 396; *Washington v. Ryan*, 5 Baxter (Tenn.), 622. If the assignee is not present, his assent may be presumed, for the purpose of giving operation to the deed, even though creditors levy on the property before the actual receipt of the assignment and acceptance thereof. Burrill on Ass., 357; *Merrills v. Swift*, 18 Conn., 257; *Tibbals v. Jacobs*, 31 id., 428; *Myrover v. French*, 73 N. C., 609; *Ensworth v. King*, 50 Mo., 477; *Stamp v. Case*, 41 Mich., 267; *Marks's Appeal*, 85 Pa. St., 231; *Basset v. Fahey*, 1 Am. Insolv. R., 174. The statute does not make the filing of acceptance in a particular manner a condition precedent to the vesting of title in the assignee. Secs. 1695, 1696, R. S., are directory merely. The only object of the filing is to furnish conclusive evidence against the assignee of the nature of the trust and of his acceptance thereof, so as to determine his duty and liability to the creditors. By the acceptance of the assignment, the assignee becomes a trustee for the creditors, and equity will compel the execution of the trust for their benefit. Burrill on Ass., 356; 85 Pa. St., 231; 88 id., 167; 71 N. Y., 502; 59 id., 649; 57 id., 641. Having delivered to the officer, to be filed with the bond, the copy of

the assignment with the indorsements thereon, the assignee, even if he had not taken possession, would be estopped to deny that he had accepted the trust, or that the copy so filed was a true copy of the instrument. *Hutchinson v. Lord*, 1 Wis., 286; *Geisse v. Beall*, 3 id., 367; *Gundry v. Vivian*, 17 id., 436. Construing sections 1694–1697, R. S., together, it is evident that the first and last of these sections are peremptory and must be literally and strictly pursued or the assignment may be avoided by the creditors; and that the second and third are directory, and their provisions may be enforced by the creditors if not complied with by the officer and assignee. A compliance with the first vests the title in the assignee; and that title can only be divested by a failure to conform strictly to the last section above cited. *Heckman v. Messinger*, 49 Pa. St., 465; *Beck v. Parker*, 65 id., 262; *Wright v. Thomas*, 9 Rep., 670; *Black v. Weathers*, 26 Ind., 242; *Brennan v. Willson*, 71 N. Y., 502; *Thrasher v. Bentley*, 59 id., 649; *S., B. & N. Y. R. R. Co. v. Collins*, 57 id., 641; *Bostwick v. Burnett*, 74 id., 317; *In re Farnam*, 75 id., 187. The assignor had discharged his whole duty toward his creditors when he executed and delivered the assignment, and if there was any informality in the indorsements by the assignee and officers, it might be cured, and the title would vest from the date of the assignment. *Brahe v. Eldridge*, 17 Wis., 184. The statute is remedial, and courts will lend themselves to no narrow or technical interpretation of its provisions to defeat its beneficent purposes.

Taylor, J. It is urged by the learned counsel for the appellants that, under the provisions of sections 1694, 1695 and 1696, R. S., the assignment does not take effect so as to pass the title of the assigned property to the assignee, as against the creditors of the assignor, until all the provisions of those sections are fully complied with. And he insists that the consent of the assignee, and the certificate of the officer on the

copy of the assignment filed, must, under the provisions of section 1696, be signed in the handwriting of such assignee and officer, unless it appears that they are unable to write, in order to make the assignment valid. On the part of the respondents it is urged, that it is sufficient if it appears that the names of the assignee and officer were signed to the consent and certificate in their presence and by their direction. The learned counsel for the respondents has also submitted a very able argument for the purpose of showing that an assignment under the statute is valid, and passes the title of the assigned property to the assignee, when the assignor has complied with the provisions of said section 1694, and that the provisions of sections 1695 and 1696 are directory merely, and an omission to comply with them does not render the assignment void so that it can be disregarded in a collateral action. As we have come to the conclusion that the defendants have shown a compliance with the requirements of said section 1694, and also of sections 1695 and 1696, previous to the service of the garnishee summons in this action, it becomes unnecessary to determine the question, submitted by the learned counsel for the respondents, whether the said last-named sections are merely directory.

It must be remembered that the provisions of the statute above referred to were not enacted for the purpose of giving validity to a voluntary assignment for the benefit of creditors. Such an assignment was always valid at common law, and this court has held such assignment valid in repeated decisions. The object of the statute was to make such assignments more beneficial to the creditors. All its provisions are intended to secure to the creditors of the assignor, so far as possible, the benefit of the property assigned, and to prevent its dissipation by an assignee who might be more reckless of the rights of the creditors than the assignor himself. The statute makes void, therefore, all such assignments, as against the creditors of the assignor, unless their rights are protected by an as-

signment to a resident of this state, and by the assignee giving the bond required by the statute, conditioned to account for and pay over to the creditors the proceeds of the assigned property. The statute also provides that the bond shall be filed in the clerk's office, so that all the creditors may have an inspection thereof, and judge of its sufficiency and the sufficiency of the sureties. It also requires that a copy of the assignment shall be filed with the bond, and that upon such copy the assignee shall indorse his acceptance of the trust conferred on him, and that the officer before whom the assignment is made shall indorse his certificate on such copy that it is a true copy of the original, and of the whole thereof, and that the assignee made his indorsement thereon in his presence. The filing of this copy of the assignment, with the indorsements thereon, is, like all the other requirements of the statute, intended for the benefit of the creditors. It is clearly intended that this record evidence shall be furnished to the creditors to aid them in the prosecution of any actions it may be necessary to institute to protect their rights, either upon the bond filed or against the assignee. The only object of requiring the consent and certificate to be indorsed thereon must be to furnish proof that the assignee has accepted the trusts conferred on him by the assignment, and that the paper filed is a copy of the original, which is supposed to be in his hands. We do not see why this object is not as well accomplished when such indorsements are made in the presence and with the consent of the assignee and officer, as when made in their own handwriting. It is not urged, even by the learned counsel for the appellants, that it is necessary that the consent itself, or the certificate, should be in the proper handwriting of the assignee and officer, but that the genuineness of the consent and certificate must be made apparent by the proper signatures of the assignee and of the officer. It is urged that section 1696 must be construed as though it read that such consent and certificate so indorsed upon such copy shall be

Scott and others vs. Seaver, Garnishee of Dana.

signed by the written signature of the assignee and officer, and, being so construed, no other or substituted signature will answer the requirements of the statute, unless it be shown they are unable to write. Having construed said section to require in terms the written signatures of the assignee and officer, it is contended that the case is governed by subdivision 19, sec. 4971, ch. 204, R. S., which prescribes that "in all cases where the written signature of any person is required by law, it shall always be the proper handwriting of such person; or, in case he is unable to write, his proper mark, or his name written by some person and in his presence."

We think this construction of the section is wholly unauthorized. Section 4971 is a section defining words and phrases used in the statutes, and that part of subdivision 19 above quoted must be limited to cases where the statute expressly, or by necessary implication, requires "the written signature of a person." We do not think such construction must necessarily be given to the section under consideration. It does not say in terms that the consent and certificate shall be signed with the written signature of the assignee and officer, nor do we think that the purposes of the statute necessarily require such written signatures in their proper handwriting. The object and purpose of the statute are as fully accomplished where their signatures are signed by another in their presence, and with their consent, as when signed in their own proper handwriting. Unless section 1696 be construed to require the written signatures of the assignee and officer within the meaning of subdivision 19, sec. 4971, and prohibit any other signature than in the proper handwriting of the assignee and officer, then a signature made with their assent and in their presence is sufficient. Such a signature is for all purposes deemed their proper signature.

In New York, where the statute provides that a will must be "subscribed by the testator," etc., it is held that where another person, in the presence and at the request of the tes-

tator, signs his name to the will, it is a good execution under the statute. *Robins v. Coryell,* 27 Barb., 556; *Chaffee v. Baptist Missionary Convention,* 10 Paige, 91; *Barnard v. Heydrick,* 49 Barb., 62, 66; *Butler v. Benson,* 1 Barb., 526, 533. Under a statute which requires that subscribing witnesses shall sign their names as witnesses, it has often been held that where a person who could not write, simply made his mark as a witness, his name being written by another, that was a good signing. *Baker v. Denning,* 8 Ad. & Ellis, 94; *Jackson v. Van Dusen,* 5 Johns., 144; *Morris v. Kniffen,* 37 Barb., 336; *Meehan v. Rourke,* 2 Bradf., 385; *Harrison v. Harrison,* 8 Ves., 185; *Addy v. Grix,* id., 504; *Zacharie v. Franklin,* 12 Pet., 151, 162. In the case of *Robins v. Coryell, supra,* the court say: "What is done for a man in his presence and by his express direction, is his act and deed. If a man tells his wife or his son, or any other person, to put his name to a deed or promissory note, and it is done in his presence and in pursuance of such direction, it is well executed by him. Such execution, not being in his handwriting, would of course require proof of such authority and direction and manner of execution."

Under our statute on the subject of evidence, it would not be necessary to make proof of the authority to execute the writing, as the law provides that it shall be deemed properly executed unless the execution be denied under oath; so that in this state there is no inconvenience as to proof which should induce the courts to hold that the execution should be in the handwriting of the person who executes the same. We see no reason for holding that the consent or certificate required to be indorsed upon the copy of the assignment filed with the clerk of the court, should be void unless signed in the proper handwriting of the assignee and officer. The object of the indorsement being simply to furnish notice to the creditors that an assignment has been made of the contents thereof, and that the assignee has accepted the trust, such object is as effect-

ually accomplished when the indorsement is made with the consent and by the direction of the parties as when made in their own handwriting. This construction of the statute in question is not in conflict with the decision of this court in *Mericle v. Mulks*, 1 Wis., 366. In that case the statute required that the warrant issued by the commissioners to the overseer of highways, as their authority for collecting the highway taxes, *should be signed by the commissioners*, and the form of the warrant was given in the statute, showing the signatures of the commissioners subscribed to the same. In that case the court held the warrant void because the names of the commissioners were not subscribed in their own handwriting, and because it was not shown that the clerk signed their names in their presence and by their direction. Whether the court would have held the warrant void, even in that case, had the names of the commissioners been attached to the warrant in their presence and by their direction, is not made certain by anything said in the opinion.

In the later case of *Williams v. Mitchell*, 49 Wis., 284, this court held that the notice required to be given by the supervisors, upon an application to lay out a highway, need not be signed by the supervisors in their own handwriting, but that it will be sufficient if it be made and given by the direction and authority of the supervisors. Justice LYON, in his opinion in that case, says: "It will be observed that the statute does not expressly require the notice to be signed by the supervisors. If it did, there would be great force in the objection; but it only requires them to 'make out a notice.' Of course, this does not mean that one of their number shall actually write it out; yet there is as much reason for holding that it must be so written, as there is for holding that the supervisors must actually sign. The plain, sensible construction of the statute is, in our opinion, that the notice must be made and given by the direction and authority of the supervisors; and in the present case the notice was so made and given." This language is in

Scott and others vs. Seaver, Garnishee of Dana.

all respects applicable to the case at bar. The section of the statute under consideration only requires the assignee to "indorse in writing on the copy his consent," etc., and the officer to "indorse his certificate," etc. It does not say that either shall sign the same, either in his own handwriting or otherwise; and, as is said above, if we are to give the statute a strict construction, there is as much reason for holding that the indorsements shall be in the handwriting of the party as that he shall sign in his own handwriting. Yet this is not claimed to be requisite even by the learned counsel for the appellants. We think the requirements of the section are fully complied with when the consent and certificate are indorsed upon the copy in the presence and by the direction of the parties required to make the same. When they are so made, and signed with their names, they are made by them, within the meaning of said section.

This construction renders it unnecessary to pass upon any of the other questions discussed upon the argument, except the question as to the exclusion of the evidence offered by the appellants to show that *Dana* had, previously to the assignment, gone through bankruptcy, and that he had failed and settled with his creditors. The questions asked, and which were not allowed by the court, were the following: "Have you, within two or three years, gone through bankruptcy?" "Did you, within two or three years, settle with your creditors in bankruptcy at thirty cents on the dollar?" We do not see how the fact that *Dana* had within two or three years gone through bankruptcy, and settled with his creditors in bankruptcy at thirty cents on the dollar, could affect the validity of the assignment made in this case. The assignment being made in all respects in conformity to the statute, and for the equal benefit of all his creditors, if in fact all the property *Dana* had was passed over to the assignee under such assignment, it could not be fraudulent and void as to such creditors. Certainly the fact that *Dana* had once failed and settled with his

creditors would not tend to prove such assignment void. See *Wilson v. Berg*, 88 Pa. St., 167, and cases cited in the opinion.

We find no errors in the record, and the judgment must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.