WADLEIGH vs. MERKLE, Garnishee, etc.

*April 5 — May 31, 1883.*

*When voluntary assignment is "executed."*

The "execution of the assignment" for the benefit of creditors, within ten days after which the inventory and list of creditors must be filed (sec. 1697, R. S.), means such an execution thereof as withdraws the property of the assignor from the process of his creditors; and there is no such execution until the assignment is delivered to the assignee and he accepts the same and gives his bond as required by law.

APPEAL from the Circuit Court for *Milwaukee* County. The respondent, who was summoned as garnishee of the defendant Scheiderer, answered alleging that he had no property or effects of Scheiderer except under and by virtue of an assignment made for the benefit of creditors. The plaintiff took issue upon the answer, and, after hearing the evidence, the court made its findings of fact and conclusions of law and rendered judgment discharging the garnishee. From that judgment the plaintiff appealed. Other facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Finches, Lynde & Miller.* They cited *Johnson v. Herring,* 46 Pa. St., 415; *Marks's Appeal,* 85 id., 231; *Garnons v. Knight,* 12 Eng. C. L., 357; *Doe v. Bennett,* 34 id., 322.

For the respondent there was a brief by *Stark & Brand,* and oral argument by *Mr. Stark.*

TAYLOR, J. The respondent garnishee answered that he had in his hands as assignee of the defendant, George P. Scheiderer, a large amount of property, and the court held he was not liable to the appellant as garnishee for the value of the property so held by him. It is admitted that the assignment was made in pursuance of secs. 1694, 1695,

and 1696 of the revised statutes, and was regular in all respects, but it was claimed that the assignment became void as to the creditors, because the assignor did not make and file in the office of the clerk a correct inventory of his assets and a list of his creditors, etc., as required by sec. 1697, R. S., within ten days after the execution of the assignment. There is no complaint that the inventory and list filed were not correct, but it is urged that they were not filed in time. The assignment was signed by the assignor on the 4th day of November, and the affidavits of value were made on that day and delivered to the attorney of the assignor, but it was not delivered to the assignee, nor did he give his bond or take the oath prescribed by sec. 1696, or indorse his consent on the copy of the assignment, nor were any of the papers filed in the office of the clerk of the circuit court until the 5th day of November. The inventory and list of creditors were filed on the 15th of November.

The only question to be determined is whether the inventory and list were filed within ten days after the execution of the assignment, within the meaning of said sec. 1697. We are inclined to hold that the execution of the assignment mentioned in said section means such an execution thereof as will withdraw the property of the assignor from seizure upon process in favor of his creditors to satisfy their debts.

Under secs. 1694, 1695, and 1696, R. S., there can be no assignment which shall have any efficacy to withdraw the property of the assignor from the reach of his creditors, unless the provisions of said sections are complied with on the part of the assignor and assignee; and until the assignee shall have given his bond and signified his assent to take upon himself the discharge of the trusts mentioned in the assignment, the assignment is void. *Rumery v. McCulloch*, 54 Wis., 565; *Smith v. McCulloch*, 42 Wis., 564; *Churchill v. Whipple*, 41 Wis., 611; *Hutchinson v. Brown*, 33 Wis.,

465; *Scott v. Seaver*, 52 Wis., 175; *Ball v. Bowe*, 49 Wis., 495; *Klauber v. Charlton*, 47 Wis., 564; *Klauber v. Charlton*, 45 Wis., 600. Within the meaning of these statutes, the assignment is not executed so as to be effectual as such until there is a delivery to the assignee, and he has accepted of the same and given his bond in the manner and form prescribed by the statutes.

Under the common law a deed is not executed so as to be of any efficacy until the same is delivered and accepted by the grantee or assignee named therein. This rule is not disputed by the learned counsel for the appellant, but it is said that the rule should not be applied to an assignment under the statute. We think there is not only the same reason for applying the rule to such an assignment, but a much stronger reason, because the assignment cannot be executed so as to affect any of the creditors of the assignor without the active assent of the assignor mentioned in the assignment. The case cited by the learned counsel from 46 Pa. St. has no application to an assignment under our statute. It would seem that by the laws of Pennsylvania an assignment becomes effective as against the creditors without a delivery or acceptance by the assignee. That court holds that the assignment being for the benefit of the creditors, it is effective to prevent one creditor from seizing the property of the assignor to the prejudice of another who has a right to a share of the property under the assignment, and if the assignee named in the assignment refuses to act, the court will appoint one to execute the trust upon the motion of any of the creditors interested. This law, as construed by the courts of that state, is so radically different from the law of this state on the subject of assignments that any adjudication made under it would determine nothing as to the construction to be given to our law.

Sec. 1697 contemplates that assignments shall not only be made and accepted by the assignee, but that the papers

shall be filed in the office of the clerk of the circuit court, as prescribed by sec. 1695, before the ten days should begin to run. The section reads as follows: "Within ten days after the execution of the assignment the assignor shall also make and file in the office of said clerk a correct inventory," etc. The office of said clerk here mentioned evidently means the office of the clerk in which the other papers have been filed, in pursuance of the provisions of sec. 1695. It appears very clear to us that the execution of the assignment mentioned in sec. 1697, means such an execution as withdraws the property of the debtor from the process of his creditors, and that this provision was intended to prevent such withdrawal for a longer time than ten days, unless he makes and files a correct inventory of his assets and a list of his creditors. The creditors are in no way prejudiced by the mere signature of the assignment by the assignor, and until the same be delivered to and accepted by the assignee in the manner required by the statute their rights and remedies are not interfered with. Sec. 1697 declares that the assignment shall be void if the inventory be not filed within ten days, etc. This contemplates that until the ten days have expired there would be a valid assignment, and, as we have seen, there can be no valid assignment until the assignee accepts the same and gives his bond as required by law, and until that be done the assignment is void, whether an inventory and list be filed or not.

In this view of the statute, the inventory and list were made and filed in time, and the garnishee was not liable to answer to the appellant for the property in his hands.

*By the Court.*—The judgment of the circuit court is affirmed.