Fuhrman vs. Jones and another.

———

FUHRMAN, Respondent, vs. JONES and another, Appellants.

*March 5 — March 22, 1885.*

*Debtor and creditor: Voluntary assignment: Attachment: Attorney acting as court commissioner.*

1. Until the bond of the assignee, with an indorsement thereon by the county judge or court commissioner taking the same, showing that he is satisfied as to the sufficiency of the sureties, has been filed in the office of the clerk of the circuit court, together with a true copy of the assignment with the indorsement by the assignee and certificate by the judge or court commissioner as required by sec. 1696, R. S., the assignee has no right to the property attempted to be assigned as against attaching creditors.

2. Whether the attorney for the assignor or assignee is competent to act as a court commissioner in making the indorsements and certificate required by secs. 1694-96, R. S., not determined.

APPEAL from the Circuit Court for *Monroe* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that a few days prior to January 7, 1886, Moritz Paley, of Tomah, being insolvent, counseled with S. W. Button, an attorney at law and a circuit court commissioner of that place, in regard to making an assignment for the benefit of creditors. On the day named, Button drew the assignment to the plaintiff and his bond at the request of Paley; and January 8, 1886, they were both signed in the presence of Button, and at the same time the assignment was acknowledged before him, and the sureties to

the bond justified before him as such commissioner, and there-
upon they were both delivered by said commissioner to the
plaintiff, who thereupon took a copy of said assignment and
said bond to Sparta, and there, in the presence of the clerk
of the circuit court, indorsed upon said copy his certificate
of its being a true and correct copy and that he thereby
took upon himself the faithful discharge of the several
trusts specified in the original assignment; and such copy
and bond were on the same day filed with said clerk at 7
P. M.; that said clerk at the same time certified thereon to
the correctness of said copy, and to such indorsement by the
plaintiff of his consent in his presence; that thereupon
and on January 9, 1886, the plaintiff took possession of the
goods covered by the assignment, and employed said But-
ton as his attorney in discharging his duties under said
assignment; that afterwards, and on January 18, 1886,
said Button, as such commissioner, in the presence of said
clerk, indorsed upon said bond then on file with said clerk
his certificate, reciting, in effect, that he was not a creditor
of said Paley; that from the affidavits of the sureties in the
bond he was satisfied that the property of said sureties
within the state was worth in the aggregate the sum of
$1,300 specified therein; that afterwards, and on February
17, 1886, said Button signed said certificate so made by the
said clerk, and made the necessary interlineations to show
that the same was done by him as such court commissioner at
said last-named date; that January 11 and 12, 1886, the de-
fendants, as sheriff and deputy-sheriff, seized the goods so as-
signed and then in the possession of the plaintiff, on two
several attachments upon two several claims against said
Paley; that said Button appeared as attorney on the part of
the defense in each of said attachment suits, for the purpose
of traversing the same; that such proceedings were had in
each of said suits, that January 29, 1886, judgment was en-
tered in each against Paley for the respective amounts of

$134.54 and $217.03; that thereupon executions were issued upon said judgments respectively, and placed in the hands of said sheriff, and the same were thereupon levied upon said goods by said sheriff and deputy sheriff, and the same were duly sold thereon at sheriff's sale, and the proceeds thereof applied in payment of said judgments and costs; that thereupon the plaintiff, by said Button as his attorney, commenced this action for the wrongful taking and unlawful conversion of said goods so assigned.

The defendants justified under said attachments, judgments, executions and sale. On the trial of the cause (a jury having been waived) the court found as facts that all the material allegations of the complaint were true; that the plaintiff had sustained damage by reason of such taking and conversion in the sum of $450; and, as conclusions of law, the court found that the plaintiff was entitled to judgment against the defendants for that amount, with costs. From the judgment entered accordingly the defendants appeal.

For the appellants there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow.*

For the respondent the cause was submitted on the brief of *S. W. Button.*

CASSODAY, J. The plaintiff's right to maintain this action depends entirely upon the question whether the assignment was completed, so as to vest the title to the goods in question in the plaintiff as against the creditors of his assignor, prior to the time when they were seized by the defendants on the attachments. The statutes make every voluntary assignment or transfer of property for the benefit of or in trust for creditors void as against the creditors of the person making the same, unless completed as therein prescribed. Secs. 1694–1696, R. S. *Before* taking possession of the property assigned or assuming any trust under the

assignment, the assignee must deliver to the county judge or court commissioner, not being a creditor of such assignor, a bond, duly executed to the clerk, in a sum not less than the whole amount of the nominal value of the assets, to be ascertained by the oath of one or more witnesses and of the assignor, with two or more sufficient sureties, freeholders of the state, who shall each testify to his responsibility, and by their several affidavits *satisfy the officer taking such bond* — that is to say, such county judge or court commissioner — that the property of such sureties within this state is worth in the aggregate the sum specified therein. Sec. 1694. The county judge or court commissioner, as an officer of the law, is to be thus satisfied of the sufficiency of the sureties. This should appear in writing upon the bond itself. Here no such indorsement was made by the commissioner until January 18, 1886, ten days after the filing of the bond, and five days after the last attachment.

*Before* delivering the copy of such assignment to the county judge or court commissioner for the purpose specified in sec. 1695, the assignee must, *in the presence of the officer taking such bond,* indorse in writing on such copy his consent to take upon himself the faithful discharge of the several trusts specified in the assignment, and that the said copy so indorsed by him is a true and correct copy of the original. Sec. 1696. The object of having such indorsement by the assignee *in the presence* of such county judge or court commissioner is to secure such action in good faith under official sanction. There was nothing connected with such copy here showing that such indorsement was made in such presence until more than five weeks after the attachments. The fact of such presence resting in parol during that time did not satisfy the statute. Accordingly it is provided that such officer — that is to say, such county judge or court commissioner — must indorse upon such copy of the assignment his certificate that the same is a true copy

of the original and of the whole thereof, and that such as-signee named in such original assignment did in his presence make the indorsement thereon as thus required.     Sec. 1696. No such indorsement was made by such officer here until more than five weeks after the seizure of the goods on the attachment, and forty days after the copy was filed with the clerk.    Such bond, immediately after its execution, together with a full and true copy of such assignment, must be filed by the officer taking the ,same — that is to say, such county judge or court commissioner — in the office of the clerk of the circuit court to whom it is executed.· Sec. 1695.    This requirement is to preserve the bond in official custody continuously from the time of its execution, for the benefit of all concerned.    Such bond and copy of assignment must be *kept* by such clerk in his office, subject at all times to the inspection of all parties interested. *Ibid.*  Such bond and copy of assignment so to be " kept " by the clerk must be completed with such several indorsements and certificate thereon before delivery to such clerk for such keeping.    Until the assignment and such completed copy and bond are so filed with the clerk, the assignee has no right to the property attempted to be assigned, as against the attaching creditors of the assignor.    Such is the effect of the repeated decisions of this court.     *Scott v. Seaver*, 52 Wis. 175; *Wadleigh v. Merkle*, 57 Wis. 517.··

This renders it unnecessary to determine whether an attorney for an assignor or assignee, who happens to be the court commissioner who drew the assignment, is competent to make such indorsements and certificate; but the impropriety of acting in such double and inconsistent capacities must be apparent.    It is plainly distinguishable from *Hammel v. Schuster*, 65 Wis. 669.

Of course, the defendants were only entitled to retain a sufficient amount of the proceeds of the sale of the property to satisfy the executions in their hands, and costs.  Although

the trial was by the court, yet, as it does not appear definitely whether they received more or less, the judgment of the circuit court is reversed, and the cause is remanded for further proceeding according to 'law.

*By the Court.*— Ordered accordingly.