Clark, Assignee, etc. vs. Lamoreux, Sheriff, etc.

CLARK. Assignee, etc., Appellant, vs. LAMOREUX, Sheriff, etc., Respondent.

*January 11 — January 31, 1888.*

*(1) Voluntary assignment: Indorsement and certificate of consent, etc.: What officer may act. (2) Attachment: Dissolution: Order for delivery: Property in possession of defendant's assignee. (3) Replevin: Officer holding under attachment: Measure of officer's recovery.*

1. To make an assignment for the benefit of creditors valid, the indorsement of consent, etc., required by sec. 1696, R. S., must be made in the presence of the county judge or court commissioner taking the bond of the assignee, and the certificate there mentioned must be made by that officer. No other officer can act.

2. When an attachment is dissolved the court must order the property to be forthwith delivered to the defendant; but if the property has already been replevied from the officer by the defendant's assignee for the benefit of creditors, the possession of such assignee is a complete defense in any action brought by the defendant against the officer on such order for delivery.

3. Where property is wrongfully replevied from a sheriff holding the same under an attachment or execution and having no other interest in it than that of the creditor whom he represents, if the value of the property exceeds the amount claimed on the attachment or execution, the recovery of the officer in the replevin suit is limited to the amount of the attachment or execution, and interest and costs.

APPEAL from the Circuit Court for *Dodge* County.

The action was brought by the plaintiff, as the assignee, for the benefit of creditors, of Joseph Wolf, Jr., and W. G. Liebig, to recover the possession of certain personal property of the alleged value of $2,185.82. The answer was (1) a general denial; (2) that the defendant, as sheriff of Dodge county, claimed the possession of the property by virtue of two attachments, one in favor of Morawitz & Brandt, for the sum of $324.93, and the other in favor of Friend Bros.' Clothing Co., for the sum of $1,037, due and to become due, both being issued in actions against the plaintiff's assignors.

The property was taken by the plaintiff on the writ of replevin. The cause was tried by the court without a jury, and a judgment was rendered in favor of the defendant that he recover possession of the property or, in case a delivery could not be had, its value, found to be $2,165.60. The plaintiff appeals from the judgment.

*James J. Dick* and *James E. Malone,* for the appellant, to the point that secs. 1695, 1696, R. S., are merely directory, cited *Hutchinson v. Brown,* 33 Wis. 465; *Klauber v. Charlton,* 45 id. 600; *Scott v. Seaver,* 52 id. 175; *Steinlein v. Halstead,* 52 id. 289; *Haben v. Harshaw,* 59 id. 403, 410; *Wright v. Thomas,* 1 Fed. Rep. 716; *Munson v. Ellis,* 58 Mich. 331.

The only object of requiring the consent and certificate to be indorsed is to furnish proof that the assignee has accepted the trust. *Scott v. Seaver*, 52 Wis. 175. It would seem that parol proof could be received to show such facts.

For the respondent there was a brief signed by *Lewis & Lewis*, and oral argument by *Mr. E. C. Lewis*.

COLE, C. J. The plaintiff claims title and the right to the possession of the goods in controversy by virtue of the assignment made to him by Wolf & Liebig for the benefit of their creditors. The validity of that assignment is, therefore, the first question to be considered. It is insisted that the assignment was not lawfully executed, and was void as against the creditors of the assignors, for several reasons. It seems to us that at least one of these objections must be sustained.

Sec. 1696, R. S., requires the assignee, in the presence of the officer taking the bond, before delivering to such officer a copy of the assignment for the purposes specified in the preceding section, to indorse in writing on such copy his consent to take upon himself the faithful discharge of the trusts specified in the assignment, and that the copy so indorsed by him is a true and correct copy of the original; " and such officer shall indorse thereon his certificate that the same is a true copy of the original, and of the whole thereof, and that the assignee named in such original assignment did in his presence make the indorsement thereon as required by this section." The officer authorized to approve the bond and receive the copy of the assignment and indorse the certificate thereon is the county judge or a court commissioner of the proper county; and such judge or court commissioner files these instruments in the office of the clerk of the circuit court for the inspection of all parties interested. In this case, the certificate was made by a notary public, in whose presence the assignee indorsed

in writing his consent to assume and discharge the trusts specified in the assignment. It is very clear that this was not a compliance with the statute upon the subject. It is true the bond was approved by a court commissioner, but no copy of the assignment was presented to that officer; there was no consent in writing made by the assignee in his presence; and of course the court commissioner did not make the certificate which the law requires. The consent indorsed on the original assignment and certificate of the notary public upon the same do not supply the defect nor answer the requirements of the statute. The law expressly requires the certificate of the county judge or court commissioner who approves the bond. If the notary public can make this certificate, why could he not approve the bond given by the assignee, and thus dispense with acts which the law makes essential to the validity of the assignment? The law prescribes that certain things shall be done by and before officers named, and it is necessary that these provisions be substantially complied with in order to transfer the title and place the property of the assignor beyond the reach of his creditors.

The learned counsel for the plaintiff says the interests of the creditors of the assignor were in no wise jeopardized because the consent of the assignee was given before, and the certificate was made by, a notary public. But this is no more than saying that things which the law makes it necessary to be done for a lawful execution of an assignment may be dispensed with, or may be done in a different manner from the way prescribed. The object of having the indorsement of the assignee in the presence of the county judge or court commissioner is to secure such action in good faith, under official sanction. *Fuhrman v. Jones*, 68 Wis. 497. But it is sufficient to say, in answer to this position of counsel, that the legislature has seen fit to prescribe that the assignee shall, in the presence of the county judge

or court commissioner, indorse his consent to accept the trust, and such county judge or court commissioner shall make the certificate as specified. In *Wadleigh v. Merkle*, 57 Wis. 517, it is said: "Under secs. 1694–1696, R. S., there could be no assignment which shall have any efficacy to withdraw the property of the assignor from the reach of his creditors, unless the provisions of these sections are complied with on the part of the assignor and assignee;" and this is the uniform tendency of our decisions upon this subject. The statute may be directory as to certain particulars, but in respect to the performance of the acts we have been considering it is mandatory.

It results from these views that the assignment under which the plaintiff made title to the goods was invalid as to the creditors of the assignors. The plaintiff, however, took possession of the goods under the writ of replevin, and retained possession of the same. The sheriff claimed the right to the possession of the goods mentioned under two certain attachments,— one in favor of Morawitz & Brandt, for the sum of $324.93; and one in favor of Friend Bros.' Cloth ng Co., for the sum of $1,037 due or to become due, both actions being against the assignors. The fact appears or was proved on the trial that the assignors traversed the affidavits for each of the attachments under which the sheriff claimed the goods, and the traverse in the *Morawitz Case* [*Morawitz v. Wolf*, *post*, p. 515] was tried and sustained, and the attachment dissolved. The sheriff's title, therefore, as to that attachment, failed or was destroyed. The statute requires that on the dissolution of the attachment the property attached should be forthwith delivered up to the defendant. Sec. 2746, R. S. We have held in the *Morawitz Case*, *supra* (decided at the same time as this), that the statutory provision is imperative, and that the prescribed order must be made, even though it was inoperative. The order which the court below did in fact make, was that the prop-

erty seized on the attachment should be delivered to the assignee; thus, in effect, holding that the assignment was valid as between the assignors and assignee. But as the plaintiff in this case acquired possession of the goods under his writ of replevin, and still holds them, it may be difficult for the sheriff to comply with the order by restoring the goods to the assignors. Considering the complication of the case, we feel it our duty to say, for the protection of the officer, that in any action by the assignors against him, founded upon the order which the circuit court will doubtless make for the restoration of the attached property, that it would be a complete defense for the sheriff to show in such an action that the property was in fact already in the possession of the assignee, who had the right to it as against the assignors. This will afford complete protection to the officer, and wrong no one.

In *Keith v. Armstrong*, 65 Wis. 225, the defendant traversed the affidavit for an attachment which was levied upon property that he subsequently assigned for the benefit of creditors. The traverse was sustained, and the attachment dissolved. The point was made that, as the defendant in the attachment had assigned or parted with his interest in the property, he ought not to be allowed to traverse the affidavit for the attachment. But this objection was overruled, the court holding, for reasons given, that though the statute required the attached property to be restored to the defendant, yet the assignee might avail himself of the order, and take the property conveyed to him by the assignment. The court would have no difficulty, in a proper proceeding, in giving the assignee the benefit of the assigned property as against the assignors. So in the case which we have supposed above, the sheriff could exonerate himself from all liability by showing that the goods which he was ordered to deliver to the defendants in the attachment were actually in the possession of their assignee. This, as we

have said, would be a perfect defense to their claim against him founded on the order. The defense would rest upon the equitable principle that the goods wrongfully attached had, under the process of the court, been delivered to the true owner, so that, as against the assignors, the officer would not be required to account for their value. The principle was acted on and enforced in *Perry v. Williams*, 39 Wis. 339, and in *Sprague v. Brown*, 40 Wis. 612, and kindred cases.

The sheriff had a judgment for the return of all the property mentioned in the complaint, which the court found to be of the value of $2,165.60. This largely exceeded the special property of the sheriff under the Friend attachment, which had not been dissolved. The rule is, where property is replevied from a sheriff holding the same under an attachment or execution and having no other interest in it than that of the creditor whom he represents, if the defendant recovers, and the value of the property is greater than the amount claimed on the attachment or execution, then the amount of the officer's recovery is limited to the amount of the attachment or execution, and interest and costs. *Booth v. Ableman*, 20 Wis. 21; *Smith v. Phillips*, 47 Wis. 202. Under this rule there must be a reversal of the judgment, and the cause must be remanded to the circuit court for the entry of a judgment in conformity with this opinion.

*By the Court.*— Ordered accordingly.