Shakman vs. Schlueter.

SHAKMAN, Appellant, vs. SCHLUETER, Garnishee, Respondent.

*September 5 — September 23, 1890.*

*Debtor and creditor: Voluntary assignment: Approval of bond.*

A voluntary assignment does not vest title in the assignee as against creditors until the officer to whom the bond of the assignee is delivered has indorsed his approval thereon.

APPEAL from the Circuit Court for *Sheboygan* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced March 8, 1889, to enforce the collection of $482 against the defendant Poggenburg, and on the same day the garnishee summons and affidavit were served on the garnishee defendant, *Schlueter*, personally. The garnishee answered, justifying under a general assignment for the benefit of creditors, dated March 6, 1889, made and acknowledged by said Poggenburg on that day, before a justice of the peace, with the consent of said assignee to take upon himself the discharge of the several trusts specified in the assignment indorsed on the copy thereof, and thereby certified to be correct; that March 7, 1889, the said copy and indorsement were certified to by a circuit court commissioner, and that the same was made thereon in his presence; that the assignee's bond was dated March 7, 1889, executed by said garnishee and two sureties who justified, and an affidavit of the nominal amount of the assets, signed by the assignor and another, was annexed to said bond and sworn to, March 6, 1889; that a copy of said assignment and said bond were filed in the office of the clerk of the court, March 7, 1889, but without the approval hereinafter mentioned being indorsed thereon.

The plaintiff took issue with said answer, and upon the trial thereof, in addition to the facts stated, the court found, as matters of fact, that on September 27, 1889, the

plaintiff duly recovered judgment against said Poggenburg for $532.69; that at and before the time of the service of said garnishee process the said garnishee had in his control and possession, under said assignment, all the property, goods, and effects belonging to said assignor, and that the same had since been converted into money and amounted to over $4,000; that said assignee had been removed, and in his place another had been appointed; that he had in his hands, at the trial, $500 in money, and other property, which he received as such assignee; that March 9, 1889, the circuit court commissioner indorsed upon said bond, then on file with the clerk of the court, his approval in the words, " I hereby approve the within bond," signed by said court commissioner; that said indorsement was not made until in the afternoon of the day and year last mentioned.

And, as conclusions of law, the court found that neither the said *F. Schlueter* nor his successor, as assignee, is liable to the plaintiff as garnishee in this action; that the garnishee is entitled to judgment; that the actions and proceedings herein against him as garnishee be dismissed with costs.

From the judgment entered upon said findings the plaintiff appeals.

*Leopold Hammel*, for the appellant.

*A. C. Prescott*, for the respondent.

CASSODAY, J. To make a voluntary assignment for the benefit of, or in trust for, creditors, valid as against the creditors of the person making the same, it is essential that all the requirements of the statutes should be substantially complied with. Secs. 1694–1696, R. S. Such several requirements have frequently been pointed out by this court. *Fuhrman v. Jones*, 68 Wis. 497; *Clark v. Lamoreux*, 70 Wis. 508; *Hanson v. Dunn*, 76 Wis. 455. Among the things thus specifically required by the statutes is that the officer tak-

ing the bond of the assignee with two or more sufficient sureties, *shall be satisfied*, as therein prescribed, "that the property of such sureties, being within this state, is worth in the aggregate the sum specified therein." Sec. 1694, R. S. Such bond and a copy of the assignment, executed in the manner prescribed, must be immediately filed by the officer taking the same, in the office of the clerk, and there kept by such clerk in his office, subject at all times to the inspection of all parties interested. Sec. 1695, R. S.; *Fuhrman v. Jones*, 68 Wis. 501. Such requirements are so many conditions precedent to the assignee's right to the property assigned as against the creditors of the assignor. *Ibid.* The fact that such completed bond and copy of the assignment are to be kept by such clerk, subject at all times to the inspection of all parties interested, very clearly indicates that no part of such requirements can be left to the mere memory of such officer, or rest in parol. Here the approval of the bond by the officer taking the same was not indorsed until more than a day after the service of the garnishee process. If the matter of such approval could rest in parol for a day, then it could for a month, or be dispensed with altogether. But such is not the policy of the statutes. This is fully pointed out in the opinions of this court in the cases cited, and no repetition is here necessary. In *Lindsay v. Guy*, 57 Wis. 200, relied upon by the learned counsel for the respondent, a certificate of such satisfaction of the officer was in fact indorsed before the commencement of the creditor's action. We must hold that the assignment was incomplete, and vested no title or right in the assignee to the property assigned as against the plaintiff as a creditor of the assignor, at the time the garnishee process was served.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the garnishee in accordance with this opinion.