GREVER and others, Respondents, vs. CULVER, Garnishee, Appellant.

*January 31 — February 21, 1893.*

(1) *Garnishment: Pleading: Judgment on answer.*   (2) *Voluntary assignment: Indorsement of certificate of officer: Mandatory statute.*

1.  Judgment against a garnishee may be ordered without a trial if the facts stated in his answer show his liability, although the answer also contains a denial of liability.

2.  All the requirements of sec. 1696, R. S., are mandatory, and must be complied with before an assignment can operate to pass title to the assigned property as against creditors of the assignor.   The certificates required by said section must be indorsed or written on the copy of the assignment; and the filing of a certificate by the officer to the effect specified, in no way connected with the copy of the assignment, is not sufficient.

APPEAL from the Circuit Court for *Eau Claire* County. The appellant was the assignee of Emma J. Hart in a voluntary assignment for the benefit of her creditors, and he was made defendant, as her garnishee, in an action brought by the respondents to recover against her $419.35. He answered, denying liability, and setting up the execution and delivery of the assignment, and claiming the property in question for the benefit of all the creditors of the assignor.   The only question in the case is whether the assignment was perfected so as to be valid in law; and but one objection was urged against its validity, namely, that

the court commissioner who took the copy of assignment and bond of the assignee to file them in the office of the clerk of the court omitted and neglected to indorse on the copy of assignment filed by him his certificate that the copy so filed by him is a true copy of the original assignment and that the assignee named in said original assignment did, in his presence, make the indorsement thereon, as required by sec. 1696, R. S., when he filed said copy of said assignment, April 12, 1892, as appears by the answer of the garnishee; but he further alleged that on the next day, and before the service of the garnishee summons on him, the commissioner made, signed, and *filed* with the clerk of the court his certificate in which he stated the fact that the copy so filed by him is a true copy of the original assignment, etc., and that inadvertence had caused the assignee's name to be signed to the printed certificate on said copy where the name of the commissioner with his title of office should appear.

The plaintiffs, on the answer of the garnishee, and upon the assignment and bond and papers filed in said assignment proceedings, moved for judgment for the amount of their debt already recovered against the assignor. The court granted the motion, and rendered judgment accordingly, upon the ground that the assignment was void, as the certificate in question had not been *indorsed* on the copy of the assignment filed, as required by sec. 1696.

For the appellant there was a brief signed by *J. H. Culbertson*, attorney, and *H. H. Hayden*, of counsel, and a separate brief by *Hayden & Start*, of counsel, and the cause was argued orally by *R. H. Start*.

For the respondents there was a brief by *Geo. C. & Fred. A. Teall*, and oral argument by *Fred. A. Teall*.

PINNEY, J    1. It is assigned as error that the court erred in ordering judgment upon the plaintiffs' motion, without

a trial upon the merits. The answer of the garnishee seems to have been framed under both secs. 2759 and 2760, combining with the denial of liability under the former section a statement of "all the facts and circumstances" concerning his liability or indebtedness under the latter, with a view of submitting the question to the court; and it sets forth in detail all the proceedings in relation to the execution and delivery of the assignment by the principal defendant, Hart, and in substance the acceptance by the assignee of his trust, and that he had taken possession of the assigned property of the nominal value of $2,900, and was engaged in the execution of his duties as such assignee. The plaintiffs, without taking issue on the answer of the garnishee, moved for judgment on it under the authority of *Platt v. Sauk Co. Bank,* 17 Wis. 222. We see no reason why there should be a formal trial, or why judgment should not be ordered on the motion, if the admissions of the answer show clearly the liability of the garnishee. The answer, in the form in which it is prepared, must be given the effect and considered as the equivalent of an answer under sec. 2760, the special statements contained in it, referred to, qualifying and limiting the previous denial of liability so as to leave the question to be determined wholly one of law, in accordance with the general rule for construing similar answers, to the effect that a general denial will be overcome by a statement of facts in the same answer which, in effect, admit the truth of the matter denied. *Sexton v. Rhames,* 13 Wis. 99; *Miller v. Larson,* 17 Wis. 624; *Farrell v. Hennesy,* 21 Wis. 639.

2. The answer shows that the court commissioner, before or at the time he filed the copy of the assignment and the assignee's bond with the clerk of the circuit court, did not indorse on such copy his certificate "that the same is a true and correct copy of the original, and of the whole thereof, and that the said assignee named in the original

assignment did, in his presence, make the indorsement thereon as required" by sec. 1696. The answer shows that he failed to do so, and by inadvertence caused the assignee to sign the printed certificate on the printed form which he ought himself to have signed. There is no allegation that the commissioner ever afterwards made the required indorsement. The averment that on a subsequent day he made and *filed* with the clerk his certificate to the effect specified in the statute, does not imply that it was indorsed on the copy of assignment filed, but quite the contrary; and it must be held, we think, that the answer on its face shows the existence of the defect in the execution and delivery of the assignment and copy, relied on to defeat it.

The provisions of secs. 1694–1696, in respect to the execution and approval of the bond of the assignee, and as to the manner of execution of the assignment, including the indorsement on the copy thereof of the certificates of the assignee and of the county judge or court commissioner, and of filing the same, have invariably been held mandatory in all cases in this court under these sections, and that no assignment can be perfected which will be valid as against creditors until the requisites here prescribed have been complied with. Until then the trust in favor of creditors has not been legally formed, and the property of the assignor is subject to attachment or other process in favor of any of his creditors. The decisions in this respect extend over a period of many years, and relate to a variety of points, and it has already been declared that it is now too late to consider whether some of these provisions, as an original question, might not properly have been held directory. Inasmuch as they are mandatory, the court has no right to enter into any discussion of their wisdom or propriety with a view of dispensing with their observance. It is enough to know that thus the law is written, and that, where the act requires a thing to be done in a particular

way, that manner alone must be adopted. In *Hutchinson v. Brown*, 33 Wis. 470, the language of Dixon, C. J., implies that the indorsement of the certificate of the officer is essential to the validity of the assignment, but that it need not be certified that the indorsement was made *before* the delivery of the copy of the assignment to the officer. In *Scott v. Seaver*, 52 Wis. 182, Mr. Justice Taylor, after speaking of the requirements of sec. 1696 in respect to indorsing on the copy of the assignment of the certificate of the assignee and officer, says: "The filing of this copy of the assignment, with the indorsements thereon, is, like all the other requirements of the statute, intended for the benefit of the creditors. . . . The only object of requiring the consent and certificate to be indorsed thereon must be to furnish proof that the assignee has accepted the trusts conferred on him by the assignment, and that the paper filed is a copy of the original, which is supposed to be in his hands." It is to be observed that the certificate of the officer goes only to the same points included in the certificate of the assignee, the correctness of the copy and the indorsement of acceptance of the trust by the assignee. The statute requires the indorsement of *both* certificates on the copy. If either may be dispensed with, both may, or that of the assignee instead of that of the officer. There is no ground for saying that the statute is mandatory in respect to the assignee, as has often been held, and directory as to the officer. The object of requiring both certificates to be indorsed on the copy of assignment, and not merely contained in a separate paper, is to have the evidence of the legal formation of the trust in some certain definite form, and in one document, so that creditors may know exactly where to find it, and so be able to judge of the validity of the assignment without being misled, and that they may attach the property without the risk of some other document being discovered thereafter to their preju-

dice, to supplement or supply defects in the principal document itself. Creditors are not bound or expected to look for evidence of compliance with the law beyond the source where the statute has prescribed it shall exist.

In *Wadleigh v. Merkle*, 57 Wis. 517, the court declared that " under secs. 1694–1696, R. S., there can be no assignment which shall have any efficacy to withdraw the property of the assignor from the reach of his creditors unless the provisions of these sections are complied with on the part of the assignor and assignee." In *Fuhrman v. Jones*, 68 Wis. 497, it was held that until the bond of the assignee, properly approved, has been filed, with a true copy of the assignment with the indorsement by the assignee and certificate by the court commissioner, as required by sec. 1696, R. S., the assignee has no right to the property attempted to be assigned as against attaching creditors. In that case it was said by the court that " the object of having such indorsement by the assignee *in the presence* of the county judge or court commissioner is to secure action in good faith under official sanction. There was nothing *connected with such copy* here showing such presence until more than five weeks after the attachments. The fact of such presence resting in parol during that time did not satisfy the statute. Accordingly such officer must indorse upon such copy of the assignment his certificate that the same is a true copy of the original, and of the whole thereof, and that such assignee named in such original assignment did in his presence make the indorsement thereon as thus required. Until the assignment and such completed copy are so filed with the clerk the assignee has no right to the property attempted to be assigned as against the attaching creditors of the assignor." In *Clark v. Lamoreux*, 70 Wis. 511, COLE, C. J., in answer to the argument that the interests of creditors had not been jeopardized because this statute had not been strictly pursued, says: " This is no

more than saying that things which the law makes it necessary to be done for a lawful execution of all assignments may be dispensed with, or may be done in a different manner from the way prescribed. . . . But it is sufficient to say that the legislature has seen fit to prescribe that the assignee shall, in the presence of the county judge or court commissioner, indorse his consent to accept the trust, and such judge or court commissioner shall make the certificate as specified. . . . The statute may be directory in certain particulars, but in respect to the performance of the acts we have been considering it is mandatory." In *Hanson v. Dunn,* 76 Wis. 459, it was again contended that the mere execution of the assignment and acceptance of the trust by the assignee and giving the bond as required were sufficient to give the assignee a valid title as against the creditors of the assignor. In this case the county judge had not indorsed the required certificate, but the court declared these questions *res adjudicata,* and, citing the former cases, declined to reconsider them, and added, as the doctrine of the court, " that the filing of the bond and the copy of the assignment with the proper indorsements thereon is a condition precedent to passing the title to the assignee as against the creditors of the assignor. Until the legislature sees fit to alter the rule, we must adhere to these decisions." The same rule is reiterated in *Shakman v. Schlueter,* 77 Wis. 403. The necessary certificates, as held in *Hanson v. Dunn,* 76 Wis. 459, may be indorsed on the copy of the assignment on any subsequent day after it has been filed, but the assignment will be valid only from the latter date; but no such indorsement was made in the present case. To merely file an independent certificate, in substance the same as the one required to be indorsed on the copy, is not a compliance with the law. The statute requires it to be *indorsed,* and we can no more dispense with this provision of a mandatory statute than with any other.

The filing of a certificate by the officer, in no way connected with the copy of the assignment, is not the equivalent of a certificate and indorsement of it on the copy. It does not give creditors the information which the law requires at the place where alone the law requires it to be kept, and where alone they are required to look for it. This is not in conflict with *Klauber v. Charlton,* 45 Wis. 600, where the question was whether the bond of the assignee was in compliance with the statute, and the bond was held sufficient, because in substance and legal effect it met all the requirements of the law. We hold, therefore, in conformity with our former decisions, that all the requirements of sec. 1696 are mandatory, and must be complied with before the assignment can operate to pass title to the assigned property as against the creditors of the assignor, and that the certificates required by it must be indorsed or written on the copy of the assignment. The circuit court properly gave judgment against the garnishee, and it must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.