John V. Farwell Company, Respondent, vs. Arthur, Garnishee, Appellant.

*March 27 — April 14, 1896.*

*Voluntary assignment: Bond of assignee.*

A voluntary assignment is void as against creditors, under sec. 1694, R. S., unless the assignee himself signs the bond provided for in that section.

Appeal from a judgment of the circuit court for Dane county: R. G. Siebecker, Circuit Judge.   *Affirmed.*

For the appellant there were briefs by *J. M. Clancey* and *Bashford, O'Connor & Aylward*, and oral argument by *R. M. Bashford.*

For the respondent there was a brief by *Lewis & Briggs*, and oral argument by *Harry E. Briggs.*

Winslow, J.   The plaintiff is a judgment creditor of one C. J. Arthur, and brought garnishment proceedings against the defendant, *John H. Arthur*, who was the assignee of C. J. Arthur, under a voluntary assignment, and had in his possession a considerable amount of property under the assignment.   It appeared on the trial that the assignee's bond was not executed by the assignee, but by the sureties only, and the question is whether this fact invalidates the assignment. The statute (R. S. sec. 1694) provides, in substance, that all voluntary assignments shall be void, as against creditors,

Trustees of St. Clara Female Academy vs. Delaware Ins. Co. and others.

unless the assignee shall, before entering on his trust, deliver to the proper officer a bond, *duly executed*, with two or more sufficient sureties. This section has been construed by this court as meaning that the assignee is required to give a personal bond; in other words, that he must sign the bond himself. *T. T. Haydock Carriage Co. v. Pier*, 74 Wis. 582. The provisions of secs. 1694–1696, as to the execution and approval of the assignee's bond, have been held mandatory; and it has been frequently held that no assignment can be perfected which will be valid as against creditors until the provisions have been complied with. *Grever v. Culver*, 84 Wis. 295. These principles determine the case. The assignment was void as to creditors, and the judgment so holding must be affirmed.

*By the Court.*— Judgment affirmed.