THE GERMAN AMERICAN BANK, Respondent, vs. DEVLIN, Garnishee, Appellant.

*April 8 — April 30, 1897.*

*Voluntary assignment: Bond of assignee: Failure of officer to sign jurat of affidavit of sureties: Garnishment.*

The court commissioner before whom the sureties on the bond of an assignee made affidavit as to their responsibility as required by sec. 1694, R. S., approved and filed the bond without signing the jurat of the affidavit. Subsequently, without obtaining leave of court to amend the proceedings, he attached his signature while the affidavit was on file in the clerk's office. *Held*, that the assignment was void as to a creditor of the assignor who commenced garnishment proceedings before the signature was attached.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The facts are stated in the opinion.

*J. M. Clarke*, for the appellant.

For the respondent there was a brief by *Hoyt, Ogden & Olwell*, attorneys, and *Jackson B. Kemper*, of counsel, and oral argument by *F. M. Hoyt* and *L. A. Olwell*. To the point that the signature to the jurat is essential to make a valid affidavit, they cited *Royston's Appeal*, 53 Wis. 612, 623; *Kidder v. Fay*, 60 id. 218; *McDermaid v. Russell*, 41 Ill. 489; *Westerfield v. Bried*, 26 N. J. Eq. 357, 359; *State v. Green*, 15 N. J. Law, 88, 90; *Alford v. McCormac*, 90 N. C. 151; *Morris v. State*, 2 Tex. App. 502; *Swiney v. State*, 119 Ind. 478; *Cantwell v. State*, 27 id. 505; *Bank v. Hinchcliffe*, 4 Ark. 444.

CASSODAY, C. J. It appears from the record, and is in effect found by the court, that December 7, 1895, the defendant Phillip H. Murphy made a voluntary assignment to the garnishee, *James J. Devlin*, for the benefit of his creditors, and filed the same in the office of the clerk of the circuit

court on that day; that among the assignment papers so filed was a bond executed by *Devlin* to the said clerk, conditioned as provided by law, with two sureties, who were sworn by the court commissioner and testified on oath as to the facts stated in the form of affidavit annexed to said bond; that upon said bond was indorsed the approval of the court commissioner; that attached to the bond was an affidavit of the sureties, duly signed by both of them, but the jurat of said affidavit was not signed by the court commissioner, or any other person; that after the filing of the assignment and said bond in that condition this action was commenced against Murphy, as principal defendant, and *Devlin* was garnished; that thereafter the court commissioner attached his signature to the jurat of the affidavit of the sureties while the same was on file in the office of the clerk; that no order was ever entered or made authorizing or allowing an amendment to the proceedings; that at the time of the service of the garnishee summons the garnishee had in his possession and under his control personal property and effects belonging to Murphy, which he claimed to hold as such assignee, and in no other manner, and with no lien or interest therein; that subsequently, and prior to the trial, the garnishee sold and converted into money the property so assigned, and received therefor $953, which remained in his possession; that the garnishee had still other property of Murphy, held under the assignment, to the amount of $576.25. And as conclusions of law the court found, in effect, that *Devlin* was liable herein as garnishee. From the judgment entered thereon accordingly the defendant *Devlin*, as such garnishee, brings this appeal.

We are clearly of the opinion that the trial court properly held that the assignment was void, as against the plaintiff, at the time the garnishee papers were served, by reason of the failure of the commissioner to sign the jurat; and hence that the assignee was properly held liable in garnishment. This

is obvious from numerous adjudications of this court. It is unnecessary to do more than to quote some things said by this court, and directly applicable to the case at bar. In *Grever v. Culver*, 84 Wis. 298, Mr. Justice PINNEY, speaking for the court, among other things said: "The provisions of secs. 1694–1696, in respect to the execution and approval of the bond of the assignee, and as to the manner of execution of the assignment, including the indorsement on the copy thereof of the certificates of the assignee and of the county judge or court commissioner, and of filing the same, have invariably been held mandatory in all cases in this court under these sections, and that no assignment can be perfected which will be valid as against creditors until the requisites here prescribed have been complied with. Until then the trust in favor of creditors has not been legally formed, and the property of the assignor is subject to attachment or other process in favor of any of his creditors. . . . Inasmuch as they are mandatory, the court has no right to enter into any discussion of their wisdom or propriety with a view of dispensing with their observance. It is enough to know that thus the law is written, and that, where the act requires a thing to be done in a particular way, that manner alone must be adopted. . . . The filing of the bond and the copy of the assignment with the proper indorsements thereon is a condition precedent to passing the title to the assignee as against the creditors of the assignor. Until the legislature sees fit to alter the rule, we must adhere to these decisions." The adjudications in this court on the subject are there reviewed in a manner which requires nothing further to be here added.

*By the Court.*—The judgment of the superior court of Milwaukee county is affirmed.