Western Twine Co. vs. Teasdale.

---

WESTERN TWINE COMPANY, Respondent, vs. TEASDALE, Garnishee, Appellant.

*November 17 — December 10, 1897.*

*Voluntary assignment: Filing of copy.*

The requirement of sec. 1695, R. S., that a full and true copy of a voluntary assignment must be filed in the office of the clerk of the circuit court, is substantially complied with if such assignment is drawn in duplicate, and one of such duplicates, with the proper certificates, is so filed, instead of a technical copy.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Reversed.*

This case was that the principal defendant, William E. Hewitt, made an assignment to the defendant *Teasdale* for the benefit of the creditors of the former, one of whom, the plaintiff, brought an action against said Hewitt for the recovery of his demand against him, and recovered judgment by default. The plaintiff, at the commencement of his action, summoned *Teasdale*, Hewitt's assignee, as garnishee, on the alleged ground that he was indebted to said Hewitt, and had in his possession and under his control real estate, personal property, effects, etc., of the said Hewitt. The garnishee made the general answer, denying his liability or indebtedness as such. The plaintiff took issue thereon, and there was a trial of the same before the court, resulting in charging the defendant *Teasdale*, as such garnishee, for the property and assets assigned to him by said Hewitt, described in the list of assets filed by the assignor under said assignment; said property, etc., to be sold, and the proceeds to be divided between the plaintiff and the Warder, Bushnell & Glessner Company, plaintiff in another like garnishee action commenced at the same time as the plaintiff's action, in proportion to the amount of their respective judgments against the said assignor, Hewitt. The judgment thus given rested wholly on a finding "that no full and true copy of such assignment was ever filed in the office of the clerk of the circuit court by the officer taking the same, in accordance with the provisions of sec. 1695, R. S.," and that the assignment was, therefore, void as against the plaintiff and said other garnishing creditor, and judgment was rendered accordingly for the delivery of said property and effects to the clerk of the circuit court, to be sold, etc., and the proceeds applied as aforesaid. From this judgment the defendant garnishee appealed.

The evidence, in substance, was that the original assign-

ment and the copy were both signed by the assignor, and are identical in language, and that each was a duplicate of the other. The assignment was in proper form, duly executed and acknowledged October 31, 1895; and the copy or duplicate filed in the clerk's office, returned in the record, clearly shows that in all respects it was an original,— that is to say, one of the duplicates. Upon it was indorsed the proper consent of the assignee to take upon himself the faithful discharge of the several trusts specified in the assignment; and his certificate that "the foregoing copy of such assignment is a true and correct copy of the original, dated October 31, 1895," and the further certificate by D. F. Jones, court commissioner, the officer in whose presence the assignment was executed: "I hereby certify that the foregoing is a true copy of the original assignment, and of the whole thereof, made by William E. Hewitt to *Howard Teasdale* on the 31st day of October, A. D. 1895, and that the said assignee named in said original assignment did, in my presence, make the indorsement thereon, as required by section 1696 of the Revised Statutes of Wisconsin. Dated Sparta, Wis., October 31, 1895. D. F. Jones, Court Commissioner." There were filings on said copy or duplicate as follows, to wit: "State of Wisconsin, Monroe County—ss.: The within copy of assignment was filed by D. F. Jones, court commissioner, in the office of the clerk of the circuit court, in the county of Monroe, Wisconsin, on the 31st day of October, A. D. 1895, at 11 o'clock a. m. Henry Graf, Clerk of the Circuit Court, Monroe County, Wisconsin." And there was a stamp filing thereon of the same date. The bond by the assignee was properly executed and approved, having thereon the proper certificate of the court commissioner, and was duly filed the same day.

After the papers had been filed in the office of the clerk of the circuit court, and at a time and by some one unknown, the words in the certificate of the court commissioner, "is a

Western Twine Co. vs. Teasdale.

true copy," were found to have been erased with pen and ink by drawing one or more lines through the same. The evidence is clear and positive that no erasure appeared on the certificate when it was filed; indeed, it appears that three lines had been drawn through these words. The defendant *Teasdale*, who drew the assignment papers, testified, in substance, that he had the original assignment, made at the same time as the other and really a duplicate of it; that the words "a true copy" are erased in that because it is not a true copy; it is the original. The words "by D. F. Jones, court commissioner," in the certificate, in respect to the filing of the assignment or duplicate, were inserted by the clerk of the court under the direction of said court commissioner, after the assignment had been filed two or more days. The papers, after having been filed in the clerk's office as stated, were borrowed by an attorney, or attorney's clerk, for use, and he returned them in about two days thereafter. He testified that the erasure in the certificate mentioned existed when he got the papers from the clerk's office.

The result of the proof is, clearly, that the assignment was executed in duplicate, each being a copy of the other, one of which, with the proper certificates, was filed in the clerk's office, as required by law, and the certificate thereon was afterwards erased in part, as stated, at a time and by some one unknown, and one of the duplicate assignments was retained by the assignee. An inspection of the copy on file in the record shows very clearly that it is in all respects an original paper.

*D. F. Jones*, attorney, and *Howard Teasdale*, in person, for the appellant.

For the respondent there was a brief by *Morrow & Masters*, and oral argument by *J. M. Morrow*. They argued that the assignment was void as to the plaintiff because the original was filed, instead of a copy. The filing did not

show that it was done by a proper officer, until after this proceeding was commenced. *Grever v. Culver,* 84 Wis. 295, 298; *Standard Paper Co. v. Krauthoefer,* 89 id. 168.

PINNEY, J. In *Grever v. Culver,* 84 Wis. 295, it was held that all the requirements of sec. 1696, R. S., are mandatory, and must be complied with before an assignment can operate to pass title to the assigned property as against creditors of the assignor. The certificates required by said section must be indorsed or written on the copy of the assignment; and the filing of a certificate by the officer to the effect specified, in no way connected with the copy of the assignment, is not sufficient. The statute does not require that there shall be a certificate either by the officer attending upon the execution of the assignment or by the clerk of the court, to the effect that the copy of the assignment was filed in the office of such clerk by such officer. The addition to the certificate mentioned of the statement, in the present case, that the copy of the assignment was filed in the clerk's office by D. F. Jones, court commissioner, was superfluous, and could not operate to the prejudice of any one. The fact by whom filed may, no doubt, be proved by evidence *aliunde.* As one of the duplicates was retained by the assignee, and the other, with the certificates mentioned, was filed in the office of the clerk of the circuit court, October 31, 1897, with all the necessary certificates indorsed thereon, it might well be certified by the court commissioner, as the evidence shows was the case, "that the foregoing [though a duplicate] was a true copy of the original assignment, and of the whole thereof," etc. We think that the law was substantially complied with, and that the assignment was valid, and took effect immediately upon its being filed with the clerk of the circuit court. The finding of the trial court, in view of the uncontradicted evidence, "that no full and true copy of the assignment was ever filed in the office of the clerk of

the circuit court by the officer taking the same, in accordance with sec. 1695, R. S.," cannot, therefore, be sustained.

It is not entirely clear just what view the trial court took of the case. The objection seems to rest, however, upon the ground that an exact *duplicate* cannot be considered a *copy*, even though it is certified to be a true copy, so as to be regarded as such, within the statute. The objection seems to be hypercritical in the extreme, and destitute of any real merit. We think that it ought not to defeat an assignment otherwise free from objection. This court, it is true, has uniformly required a strict compliance with the statute in respect to the execution, delivery, and certifying of assignments, and filing the same; but all objections heretofore sustained rested on some substantial and material defect. The view we have thus taken of the case is in accordance with the policy of the state, manifested by recent legislation in regard to the execution of assignments. Ch. 276, Laws of 1893; and ch. 334, Laws of 1897. It follows from these views that the defendant garnishee was not chargeable, and that the judgment of the circuit court is erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the garnishee proceedings.