Jones and others vs. Alford.

Jones and others, Respondents, vs. Alford, Garnishee, Appellant.

| 98 | 245 |
|---|---|
| 100 | 278 |
| 100 | 280 |

*December 11, 1897 — January 11, 1898.*

*Voluntary assignments: Failure to sign certificate: Curative act: Garnishment.*

1. Failure of the court commissioner who approved the bond of an assignee for the benefit of creditors to sign the certificate required by sec. 1696, R. S., to be indorsed on the copy of the assignment deposited in the office of the clerk of the circuit court, renders the assignment void as to attacking creditors, even though the omission was inadvertent.

2. Where a voluntary assignment was void as to attacking creditors because of a failure to comply with a statutory requisite, rights of creditors which had become fixed by judgment in garnishment proceedings against the assignee were not affected by the subsequent passage of a curative act (sec. 2, ch. 334, Laws of 1897).

Jones and others vs. Alford.

3. Prior to the making of a voluntary assignment, void as to attacking creditors, property of the assignor had been levied upon under executions. Before the property was sold garnishment proceedings were commenced against the assignee. *Held*, that the assignor's interest in the surplus arising from the sale of such property was subject to garnishment under sec. 2786, R. S., and that the assignee was chargeable on account thereof.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The defendant Abbott, January 17, 1896, executed and delivered to *W. H. Alford*, the garnishee defendant, an assignment of all his property for the benefit of his creditors. At the time of making the assignment all the personal property of the defendant Abbott, not by law exempt, was in the hands of the sheriff of Dane county by levies under certain executions issued upon judgments obtained in the circuit court for that county against the defendant Abbott. A copy of said deed of assignment, with the indorsement thereon of the consent of said *Alford* as assignee to take upon himself the faithful discharge of the trusts specified in the assignment, etc., was filed as required by law, together with the following indorsement on said assignment:

"I hereby certify that the within is a true and correct copy of the original assignment, and of the whole thereof, made by C. F. Abbott to *W. H. Alford*, on the 17th day of January, A. D. 1896, and that the said assignee named in said original assignment did, in my presence, make the indorsement thereon, as required by section 1696 of the Revised Statutes of 1878.

"Dated January 17, 1896.

"Court Commissioner,
"Dane county, Wis."

Afterwards, on the 21st day of January, 1896, Charles N. Brown, court commissioner, indorsed upon the copy of said assignment the following certificate: "I hereby certify that

my signature above the words 'Court Commissioner,' etc., at the end of the foregoing certificate, was omitted by inadvertence." The garnishee, *Alford*, denied liability, and the plaintiffs elected to take issue on the answer.

The court found that the purported certificate of January 17, 1896, was filed with the clerk of the circuit court, and at the same time said *Alford* filed a bond, as assignee, conditioned and executed as by law required; that the officer taking said bond was Charles N. Brown, court commissioner, and that at the time of the filing of said copy of said assignment and said bond he, the said Charles N. Brown, did not indorse, and at the time of the service of the affidavit for garnishment and garnishee summons had not indorsed, in writing, on said copy of such assignment, his certificate that the same was a true copy of the original, and the whole thereof, and that the assignee named in said original assignment did in his presence make the indorsement thereon as required by sec. 1696, R. S. 1878; and that afterwards, as stated, another certificate was indorsed January 21, 1896. The court further found that at the time of the service of the garnishee process, January 17, 1896, the said garnishee had in his possession and under his control certain real estate in Madison, Wisconsin, describing it, and the interest of said Abbott, as heir at law of Abijah Abbott, in certain other real estate in Trempealeau county; that at the time aforesaid the garnishee had personal property under his control and held by him by virtue of said assignment, being the personal property conveyed to the said garnishee by the said deed of assignment, described and set forth in the inventory of assets filed by him; that as assignee, under the direction of the court, he had sold the interest of said Abbott in the real property in Madison for the sum of $269.10, and that it had been stipulated that the assignee might sell, under the direction of the court, the interest in the lands in Trempealeau county; that the personal property of said Abbott, so

seized and held by the sheriff of Dane county under certain executions, was sold under said executions, and that, after satisfying them, there remained in the hands of the sheriff, as a part of the proceeds of the sale of said personal property, $405.46, of which amount $183 had been delivered by the sheriff to said *Alford* as such assignee, and that said sheriff holds the sum of $222.46 thereof, which belongs to said *W. H. Alford* as such assignee, and which he is entitled to demand and receive; and that said *W. H. Alford*, the garnishee defendant, has no lien on or interest in said money or property as to the plaintiffs in this action.

The court held that the assignment was illegal and void as to the plaintiffs, and that said *Alford* was liable as garnishee to them in the sum of $674.56, together with the proceeds of the sale of C. F. Abbott's interest in the land in Trempealeau county; and that the plaintiffs were entitled to have said moneys and property, or so much thereof as might be necessary to satisfy the same, applied upon the judgment in their favor against the defendant C. F. Abbott for the sum of $511.54, damages and costs, which remained wholly unsatisfied. Judgment was entered charging *Alford* as garnishee as aforesaid, and that he pay to the clerk of the circuit court for Dane county the said sum of $511.54, and interest thereon from March 21, 1896, to be applied in satisfaction of said judgment, and for costs against the defendant *Alford*.

There was no bill of exceptions in the case. The only question before the court was whether the pleadings and findings of fact were sufficient to sustain the judgment rendered.

For the appellant there was a brief by *Fehlandt & Whelan*, and oral argument by *J. C. Fehlandt* and *C. E. Whelan*. They contended, *inter alia*, that a debt, in order to be subject to garnishment, must be owing absolutely at the time of the service of the garnishment summons; and it is neces-

sary that the garnishee should have the absolute and actual possession or control of the property of the defendant in order to hold him liable therefor. Where the question whether there will be any indebtedness, or possession or control of property, depends upon future contingencies, the garnishee cannot be held. *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305; *Foster v. Singer,* 69 id. 392; *Edwards v. Roepke,* 74 id. 575; *Dowling v. Lancashire Ins. Co.* 89 id. 96; *Smith v. Davis,* 1 id. 447; *Keyes v. M. & St. P. R. Co.* 25 id. 691; *Smalley v. Miller,* 71 Iowa, 90; *Godfrey v. Macomber,* 128 Mass. 188; *Grant v. Shaw,* 16 Mass. 341; Drake, Attachment, § 485; Shinn, Attachment & Gar. § 643; Rood, Garnishment, § 52; 8 Am. & Eng. Ency. of Law, 1155, 1157, and cases cited. All of the personal property of the defendant, at the time of the service of the garnishment process herein, was in the actual and absolute possession and control of the sheriff of Dane county. It was his duty to sell said property and apply the proceeds, if any, in payment of the judgment upon which execution issued, and whether any portion of the property so seized, or any of the proceeds of the sale thereof, would ever come into the possession or control of the garnishee depended entirely upon the amount realized from said property at sheriff's sale.

For the respondents there was a brief by *Lewis, Briggs & Dudgeon,* and oral argument by *H. E. Briggs.* They argued, among other things, that the garnishment action was a proceeding *in rem,* and by the judgment property rights were vested in the plaintiffs. It is not within the power of the legislature, by statute, to vacate or annul such judgment, nor did it accomplish such result by the enactment of sec. 2, ch. 334, Laws of 1897. *State v. Atwood,* 11 Wis. 422; *State v. Duff,* 80 id. 13; 3 Am. & Eng. Ency. of Law, 681, 757, 758; *Lancaster v. Barr,* 25 Wis. 560; *Davis v. Menasha,* 21 id. 491; *Atkinson v. Dunlap,* 50 Me. 111; Freeman, Judgments (4th ed.), § 90, and cases cited; Cooley, Const. Lim. (6th

ed.), 112; *Freiberg v. Singer*, 90 Wis. 611; *Dillon v. Linder*, 36 id. 344.

PINNEY, J.   1. The officer, C. N. Brown, court commissioner, taking the bond of the assignee, *Alford*, did not sign or execute the certificate required by sec. 1696, R. S., to be indorsed on the copy of the assignment, and, as found by the court, at the time of the filing of the said copy of said assignment and of the bond he did not indorse, and at the the time of the service of the affidavit for garnishment and garnishee summons he had not indorsed, on the said copy, his certificate, as required by the statute (R. S. sec. 1696). An unsigned indorsement was not, in any proper sense, a compliance with the statute, and it is not found that the unsigned certificate or indorsement had in fact been indorsed on the copy of the assignment by such officer.   That the omission was inadvertent can make no difference.   The objection is substantial and fatal to the validity of the assignment.   *Fuhrman v. Jones*, 68 Wis. 497; *Grever v. Culver*, 84 Wis. 295; *German Am. Bank v. Devlin*, 96 Wis. 155.   The rights of the parties were fixed and adjudged by the judgment in the present cause, given before the curative act (sec. 2, ch. 334, Laws of 1897) became operative, and hence the case does not come within its operation.   *Freiberg v. Singer*, 90 Wis. 611; *Dillon v. Linder*, 36 Wis. 344.

2. The circuit court held that the garnishee, *Alford*, was liable, as such, for $674.56, a sum clearly in excess of the amount due on the judgment of the plaintiff.   Of the sum of $674.56, with which the garnishee was so charged, was the sum of $269.10 derived by the assignee from the sale of the interest of the assignor in real estate in Madison, sold by the assignee by the direction of the court.   As the assignment was void, the assignee held this money for the benefit of the plaintiffs, as creditors of Abbott, the assignor.   The remainder of the said sum of $674.56 consists of the proceeds of

the sale of the personal property of the assignor, Abbott, under the executions by which the sheriff held it at the date of the assignment, amounting to $405.46, $183 of which the sheriff had paid to the garnishee, *Alford*, and $222.46 still remained in the hands of said sheriff, and was found to " belong to said *Alford* as such assignee, and which he was entitled to demand and receive; and that the said *Alford*, garnishee, had no lien or interest in said money or property, as against the plaintiffs." The interest in real property in Trempealeau county had not been sold.

By the statute (R. S. sec. 2768) it is provided that " from the time of the service of the summons upon the garnishee, he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession, or under his control, belonging to the defendant, *or in which he shall be interested, to the extent of his right or interest therein.* . . . Any property, moneys, credits and effects, held by a conveyance, or title, void as to the creditors of the defendant, shall be embraced in such liability." The assignment from the defendant Abbott to the garnishee was valid and operative as between the parties to it, and void only as to the plaintiffs and other attacking creditors. As to these plaintiffs, it was still the personal property of their debtor, Abbott, and he had an interest in it which could be taken on execution or reached by garnishee process. Inasmuch as the assignment was void as against the plaintiffs as creditors of the defendant, *Alford*, as assignee and garnishee, held this property or its proceeds received by him by a title void as to the creditors of the defendant Abbott, and he was chargeable on account thereof, as such garnishee, by the plain words of the statute. Full and ample provisions are made for the disposition of property held by a garnishee under circumstances such as are disclosed in the present case. R. S. sec. 2766. There was no occasion to direct a sale. A sale had already been made, and the money, to the amount with

which the defendant *Alford* has been charged as assignee, had been in fact received by him, and was under his control, and it was necessary only that the court should order it to be paid over according to the rights of the parties.

The judgment of the circuit court is in accordance with the substantial rights of the parties as shown by the finding of the court, and there is nothing to impeach or question the correctness of such finding. It therefore supports the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.