STANNARD and another, Appellants, vs. YOUMANS, Garnishee, Respondent.

*May 27 — June 23, 1898.*

*Voluntary assignment: Defective bond of assignee: Garnishment: Possession of assigned property.*

1. The omission, even though inadvertent, of the penal clause from the bond of an assignee for the benefit of creditors, required by sec. 1694, R. S. 1878, renders the assignment void as to attacking creditors and defeats it as a statutory transfer of the property; but the assignment is nevertheless valid and operative as between the parties, and, as to any property in his possession by virtue thereof, the assignee may be held liable as garnishee of the assignor, under sec. 2768.

2. The assignee is liable as garnishee in such a case, even though the property assigned remains in the actual custody and control of the assignor, if it is shown that the latter holds it merely as bailee of the assignee, who is to get it whenever he wishes to sell it.

APPEAL from a judgment of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Reversed.*

This action was commenced in the circuit court for Clark county. The plaintiffs recovered in the original action, and *Clarion A. Youmans* was summoned as garnishee of the defendant Manes, and answered as such, denying liability. The plaintiffs took issue on his answer, and a trial was had, which resulted in a finding in favor of the garnishee, and he had judgment discharging him, with costs, from which the plaintiffs appealed.

It was found by the court: (1) That the defendant Dudley B. Manes, May 16, 1896, executed to the garnishee, *Clarion A. Youmans*, in writing, a voluntary assignment of all his property, except such as was by law exempt, for the benefit of his creditors, which had been filed in the office of the clerk of the circuit court for the proper county. (2) That, on the same day, *Clarion A. Youmans* executed an instrument in

writing, purporting to be the bond of himself, with sureties, and filed the same with the clerk of the court; that said bond in all other respects was in due form, except that the blank for the penal sum was not filled in, and that said omission was by mistake. (3) That up to the time of the commencement of the garnishee action, June 13, 1896, said assignee had not taken actual possession of any of the property covered by said assignment; that such property was personal property, consisting of horses, cattle, lumber, and logs, of the value of about $800. (4) That, after the plaintiffs had closed their case, the garnishee defendant asked leave of the court to amend his answer so as to specifically deny the allegation in the affidavit that the defendant had not property liable to execution sufficient to satisfy the plaintiffs' demand. (5) That the property which was included in the written assignment was not concealed, and was subject to levy and sale upon execution, and for that reason the amendment was allowed. It was found that judgment had been entered in the original action for the sum of $555.81, including costs.

The defendant Manes testified that the property described in the inventory was a correct statement of the property held by him at the time of the assignment, and the deed of assignment was put in evidence; that there was no real estate assigned, it was all personal property, and he had made no disposition of it except to turn it over by virtue of this instrument to *Youmans*, and had never received any reconveyance from him of the property; that he made no arrangement with *Youmans* in regard to keeping or taking care of the property; he said he would leave it there until he wanted it, or until he had time to sell it, or something of that kind; that *Youmans* did not come to take possession of it until about two weeks afterwards, until after the new bond was made, and after this suit was commenced; that he had a talk with *Youmans* in regard to filing the inventory, and

signed it, and swore to it; that *Youmans* told him to take care of the property until he called for it.

*Youmans* testified to having signed the inventory, and that he had sold part of the property, and never filed any other inventory, and had given no notice to creditors other than the one he gave before signing the last bond; that, at the time the garnishee summons was served on him, he had not taken possession of any property described in the inventory; that he signed the papers late in the evening, and did not see Manes after signing the papers that night, and had no transactions with him about the property afterwards; that he filed the inventory and list of creditors, and gave notice of the assignment; and that Manes at no time objected to his taking the property.

The court found, as conclusions of law, that, the defendant in the original action having sufficient property subject to levy and sale upon execution, being the property embraced in the written assignment, more than sufficient to satisfy plaintiffs' demand, the plaintiffs were not entitled to garnishee process, and that the same should be vacated and set aside; that the effect of the written assignment was not to transfer the property, either the title or possession of it, in the absence of proof of actual possession of the assignee, to him, until a sufficient bond had been filed as required by law; that the garnishee defendant was not liable; and that judgment should be entered dismissing the complaint. Various exceptions were alleged to the findings.

For the appellants there was a brief by *L. M. Sturdevant* and *R. F. Kountz*, and oral argument by *Mr. Sturdevant*.

For the respondent the cause was submitted on the brief of *S. M. Marsh*. He contended, *inter alia*, that the garnishee is liable to the plaintiff no further than he was liable to the principal defendant at the time the garnishee process was served. *St. Louis v. Regenfuss*, 28 Wis. 144; *Healey v. Butler*, 66 id. 9; *Foster v. Singer*, 69 id. 392. Actual pos-

session, not a mere right to possession, of the property is necessary to render the assignee liable as garnishee. If it should be held that a garnishee is liable when he never had possession of the property, it might often happen that he would be compelled to prosecute a replevin action against the party who had possession, before he could comply with the order of the court. *Spitz v. Tripp*, 86 Wis. 28; 2 Cobbey, Chattel Mortgages, § 751; *Krementz v. Howard*, 109 Mich. 466; *John V. Farwell Co. v. Arthur*, 93 Wis. 56; *Smalley v. Miller*, 71 Iowa, 90; *Kiggins v. Woodke*, 78 id. 34; *Gore v. Brucker*, 94 Wis. 65; Drake, Attachment, §§ 482, 661; *Andrews v. Ludlow*, 5 Pick. 30; *Keyes v. M. & St. P. R. Co.* 25 Wis. 691, 693; *Central Bank v. Prentice*, 18 Pick. 396.

PINNEY, J. The effect of the assignment found to have been executed by the judgment debtor Manes of all his property, except such as was by law exempt, to *Youmans*, for the benefit of his creditors, was to pass the title to all of said property, and the right of possession as well, to *Youmans*, the garnishee. The title thus vested in *Youmans* was valid and effective as against Manes, whether *Youmans* gave a valid and sufficient bond as assignee or not. As between these parties, they were concluded by the assignment; but, as against creditors of Manes, the assignment was in law fraudulent and void, and they might proceed against the property by attachment, execution, or garnishment for the collection of their debts. As against Manes, *Youmans* had possession and right of possession. The testimony shows that, although left in the actual custody and control of Manes, he was but holding it as bailee of *Youmans*, the assignee, who was to come and get it when he wished to sell it. This entire subject of the effect upon the transaction and title of the property where a voluntary assignment is not executed as provided by law was fully considered in *Jones v. Alford*, 98 Wis. 245.

Stannard and another vs. Youmans.

The statute (sec. 1694, R. S. 1878) provides that "all voluntary assignments or transfers whatever of any real estate, chattels real, goods or chattels, rights, credits, moneys or effects for the benefit of or in trust for creditors, shall be void as against the creditors of the person making the same, unless the assignee shall be a resident of this state, and shall, before taking possession of the property assigned, and before taking upon himself any trust conferred upon him by the instrument of assignment, deliver to the county judge or court commissioner of the county in which such assignor or some one of the assignors at the time of the execution of such assignment shall reside, not being a creditor of such assignor, a bond duly executed to the clerk of the circuit court of the county by his name of office as obligee, in a sum not less than the whole amount of the nominal value of the assets of such assignor, which value shall be ascertained by the oath of one or more witnesses and of the assignors, with two or more sufficient sureties, freeholders of this state, who shall each testify to his responsibility, and by their several affidavits, satisfy the officer taking such bond, that the property of such sureties, being within this state, is worth in the aggregate the sum specified therein." The omission of the penal clause in the bond of the assignee rendered it void, and defeated the assignment as a statutory transfer of the property. That the omission was inadvertent, as was said in *Jones v. Alford, supra,* can make no difference. The objection is substantial and fatal to the validity of the assignment.

By the statute (sec. 2768) it is provided that, "from the time of the service of the summons upon the garnishee, he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession, or under his control, belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein. . . . Any property, moneys, credits and effects held by a

Stannard and another vs. Youmans.

conveyance, or title, void as to the creditors of the defendant, shall be embraced in such liability." The assignment from the defendant Manes to the garnishee was valid and operative as between the-parties to it, and void only as to the plaintiff and other attacking creditors. As to these plaintiffs, it was still the personal property of their debtor Manes, and he had an interest in it which could be taken on execution or reached by garnishee process. Inasmuch as the assignment was void as against the plaintiffs, as creditors of the defendant, *Youmans*, as assignee and garnishee, held this property or its proceeds received by him by a title void as to the creditors of the defendant Manes, and was chargeable on account thereof as such garnishee by the plain words of the statute. *Jones v. Alford*, 98 Wis. 245. The conclusions of the trial court to the contrary are manifestly erroneous, as well as the finding that the defendant in the original action had sufficient property subject to levy and sale upon execution, being the property embraced in the written assignment, more than sufficient to satisfy plaintiffs' demand, and for that reason plaintiffs were not entitled to garnishee process, and that the same should be vacated and set aside. The property embraced in the written assignment had ceased to be the property of the judgment debtor before the garnishee proceedings were instituted, and had become the property of the garnishee defendant, subject in his hands to levy or attachment or garnishee proceedings, in favor of the creditors of Manes. The defendant was plainly liable as garnishee, and the judgment of the circuit court to the contrary is erroneous, and must be reversed.

*By the Court.*— The judgment of the circuit court appealed from is reversed, and the cause remanded to the circuit court with directions to charge the garnishee accordingly, and for further proceedings according to law.